UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MELANIE R. MASSENGILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CV-61 |
| | ) | (VARLAN/GUYTON) |
| ANDERSON COUNTY BOARD OF EDUCATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil case involves claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Plaintiff Melanie Massengill ("Plaintiff") claims that defendant Anderson County Board of Education ("Defendant") improperly discharged her rather than allowing her to use FMLA leave to care for her sick child. [Doc. 1 at ¶¶ 13-14] Defendant has filed a motion for summary judgment [Doc. 13] which has been briefed by both parties. Defendant argues that, pursuant to Fed. R. Civ. P. 56, it is entitled to judgment as a matter of law because Plaintiff did not qualify under the FMLA; did not provide notice of a FMLA leave request; did not provide a medical certification which supported her request for leave as required by the FMLA; because plaintiff's employment was terminated for reasons unrelated to her FMLA request because of her excessive absences; and because plaintiff did not suffer an adverse employment action attributable to her request for leave, contrary to her retaliatory discharge claim.

The Court has carefully reviewed the pending motion, along with the supporting and opposing briefs and exhibits [Docs. 13, 14, 16, 17, 21], in light of the entire record and controlling law. The motion is ripe for determination and the Court finds that oral argument is not necessary.

For the reasons set forth herein, the motion for summary judgment will be granted and plaintiff's FMLA claims will be dismissed with prejudice.

## I. Relevant Facts

Plaintiff was employed by Defendant beginning January, 2003, through the date of her termination on September 19, 2005. [Doc. 1 at ¶ 5]. On or about September 12, 2005, Plaintiff's minor daughter became ill. [*Id*. at ¶ 8]. Because of this illness, Plaintiff either left work early or missed work completely during the period of September 12, 2005, through September 22, 2005. [*Id*.]. Plaintiff missed work to care for her sick daughter, but Plaintiff did inform her supervisor why she was unable to work. [*Id*.]. Plaintiff was terminated effective September 19, 2005, for excessive absenteeism. [Doc. 13, Attachment 5]. Prior to her termination, Plaintiff worked five and one-half hour work days. [Doc. 13, Attachment 2]. Plaintiff only worked when school was in session, meaning she worked a maximum of 188 days during the twelve month period preceding her request for leave. [Doc. 13, Attachments 2, 5].

**II.    Analysis**

   A.    Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any

genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The FMLA allows eligible employees to take up to twelve weeks of unpaid leave in a twelve month period for certain qualifying reasons, including to care for a child with a serious health condition.[1] 29 U.S.C. § 2612(a)(1). In addition, the FMLA makes it unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the Act, as well as for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the Act. 29 U.S.C. § 2615(a). Upon review of the pleadings, Plaintiff is asserting an interference claim. [Doc. 1 at § 1].

B. Plaintiff's Interference Claim

In order to prevail on an interference claim, the plaintiff must prove by a preponderance of the evidence that: (1) she was an eligible employee as defined in the Act; (2) the employer was an employer as defined in the Act; (3) plaintiff was entitled to leave for one of the reasons set forth in the Act; (4) plaintiff gave notice of her intention to take leave as required by the Act; and (5) the employer improperly denied her benefits under the Act. *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 335 (6th Cir. 2005); *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

---

[1]The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Therefore, as a threshold question, the Court must first determine whether Plaintiff was an eligible employee under the FMLA. To be eligible for FMLA protection or leave, an employee must, among other things, have been employed for at least 1,250 hours of service during the twelve month period immediately preceding the leave. 29 U.S.C. § 2611. Defendant contends that Plaintiff was not an eligible employee because she did not satisfy the 1,250 hour requirement. Plaintiff does not argue that she did satisfy the 1,250 hour requirement, but instead argues that Defendant should be estopped from making such an argument.

As noted above, Plaintiff worked five and one half hour work days and only worked when school was in session. [Doc. 13, Attachment 2]. Therefore, Plaintiff could have worked a maximum of 188 days in the twelve month period preceding her leave request. [Doc. 13, Attachment 2]. Accordingly, Plaintiff could have worked a maximum of 1,034 hours in the twelve month period preceding her leave request. 1,034 hours of service in the twelve month period preceding the leave request is insufficient to satisfy the requirements of the FMLA, and therefore Plaintiff's request for leave was not covered under the FMLA.

Plaintiff contends that Defendant should be estopped from arguing that Plaintiff was not an eligible employee under the FMLA because Defendant did not inform Plaintiff that Plaintiff was not covered by the FMLA. Plaintiff cites to *Miller v. Defiance Metal Products*, 989 F. Supp. 945 (N.D. Ohio 1997), in support of her argument. In *Miller*, the district judge,

5

relying on the regulations located in 29 C.F.R. § 825.110,[2] found that an employer was estopped from claiming an employee was not eligible under the FMLA when the employer failed to inform the employee that the employee was not eligible under the FMLA within two business days of the leave request. *Miller*, 989 F. Supp. at 949.

However, the same district judge later disavowed his *Miller* decision by finding such decision to be in error. *Rocha v. Sauder Woodworking Co.*, 221 F. Supp. 2d 818, 820 (N.D. Ohio 2002). In *Rocha*, the district judge cited to a multitude of other courts which had found that 29 C.F.R. § 825.110(d) impermissibly sought "to expand the scope and coverage of the FMLA in the face of an express statutory restriction on eligibility." *Rocha*, 221 F. Supp. 2d at 819 - 20 (citations omitted). This Court agrees and therefore finds that 29 C.F.R. § 825.110(d) seeks to impermissibly extend the scope of FMLA coverage beyond that clearly established by Congress, rendering the regulation invalid. *See Woodford v. Community Action of Greene County, Inc.*, 268 F.3d 51, 57 (2nd Cir. 2001) ("The regulation exceeds agency rule making powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements."); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 796-97 (11th Cir. 2000) ("there is no ambiguity in the statute concerning eligibility for family medical leave, no gap to be filled."); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000) (the regulation tries "to change the Act"

---

[2] 29 C.F.R. § 825.110(d) establishes that, in the event of a request for FMLA leave without prior notice, "the employee will be deemed eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice." *Id.*

because it makes eligible employees who, under the language of the statute, are ineligible for family leave: "The statutory text is perfectly clear and covers the issue. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months."); *Nordquist v. City Finance Co.*, 173 F. Supp. 2d 537, 540 (N.D. Miss. 2001); *Scheidecker v. Arvig Enterprises, Inc.*, 122 F. Supp. 2d 1031, 1045 (D. Minn. 2000) (the "regulation is essentially a rewriting of the statute"); *McQuain v. Ebner Furnaces, Inc.*, 55 F. Supp. 2d 763, 775 (N.D. Ohio 1999) (the regulation impermissibly contradicts the clear intent of Congress to restrict the class of employees eligible for the FMLA); *Seaman v. Downtown Partnership of Baltimore, Inc.*, 991 F. Supp. 751, 754 (D.Md.1998) (the regulation "is essentially a rewriting of the statute"); *Wolke v. Dreadnought Marine, Inc.*, 954 F. Supp. 1133, 1137 (E.D. Va. 1997) (the "Department of Labor regulation . . . purports to transform employees who are ineligible under the FMLA statute into eligible employees"); *Alexander v. Ford Motor Co.*, 204 F.R.D. 314, 319 (E.D. Mich. 2001) (the regulation "effectively alters eligibility requirements"); *Giammarco v. Ford Motor Co.*, 2000 WL 33743958, at *4 (E.D. Mich) (the regulation contradicts the clear congressional intent to restrict the class of eligible employees).

Plaintiff, citing to *Russell v. Convergys Customer Management Group*, 2002 WL 32059744, at *3 (E.D. Tenn. July 10, 2002), also argues that equitable estoppel bars Defendant from denying Plaintiff is eligible under the FMLA. However, the defendant in *Russell* informed the plaintiff that she qualified for FMLA leave when she actually did not qualify. In the instant case, neither Plaintiff nor Defendant ever mentioned the FMLA, and

7

Plaintiff was never told that she qualified for FMLA leave. Therefore, *Russell* is distinguishable and inapposite to this case. If, on the other hand, Plaintiff is attempting to now raise a previously un-pled state law claim for estoppel based upon an alleged promise not to terminate, Plaintiff's complaint did not raise such an issue, nor has she sought leave to amend, and therefore the matter is not properly before this Court.

Accordingly, Defendant was not required to notify Plaintiff that she did not qualify for FMLA leave and has not waived the issued of FMLA eligibility by failing to do so. Therefore, given that Plaintiff's request for leave did not fall under the FMLA, Plaintiff can not satisfy the threshold requirement for a successful FMLA claim and Defendant's motion for summary judgment will be granted.

C. Plaintiff's Retaliation Claim

Plaintiff has not specifically pled a retaliation claim under the FMLA. However, to the extent that Plaintiff attempted to plead such a claim, it too must fail because, as discussed above, Plaintiff's requested leave did not fall under the FMLA. *See Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) (holding that one of the elements of a retaliation claim is that the plaintiff availed herself of a right protected under the FMLA).

## III. Conclusion

For the reasons set forth herein, the Court will grant Defendant's motion for summary judgment and Plaintiff's claims will be dismissed with prejudice.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE